IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:23cr000150-001 |
| | ) | |
| NATHAN DONALD PELHAM, | ) | Hon. Judge Bates |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
POSITION REGARDING SENTENCING AND REQUEST FOR SENTENCE AND
LETTERS OF RECOMMENDATION FROM FAMILY AND FRIENDS**

The Defendant herein, NATHAN DONALD PELHAM, pursuant to Fed. R. Crim. P. 32(i)(3), U.S.S.G. § 6B1.4, 18 U.S.C. §§ 3553(a) and 3661, respectfully requests that this Court take into consideration the following relevant information in determining a reasonable sentence to impose in the instant case. Several mitigating factors are present in his case that warrant a sentence at the low range of punishment established by the Guidelines. The Defendant provides the following in support of his request.

**I.      Introduction**

As an initial matter, the Defendant acknowledges that he has been found guilty in the instant offense. The Defendant is facing no more than 6 months imprisonment. Facing this substantial sentence, the Defendant has had much time to reflect on his actions and is dedicated to never again becoming involved with criminals and illegal activities. The Defendant provides this memorandum in support of his request and asks that the Court to sentence him based upon

1

accurate and reliable information and that his sentence is no greater than necessary to achieve the goals of sentencing under § 3553(a).

**Outside the heartland history and Characteristics**:

NATHAN DONALD PELHAM is a 41-year-old man convicted of a Parading, Demonstrating, or Picketing in a Capitol Building. He is not trying to negate the seriousness of the instant offense, nor of his criminal history. However, there are aspects of this case and his life that take his case out of the heartland and warrant consideration.

Nathan had a difficult and traumatic childhood as detailed in the PSR. But some of the low lights are that his father consistently abused him, and his sister and the childhood was "not good" and "unstable."

**II.    This Court Should Consider the Advisory Guidelines along with All Relevant Factors under 18 U.S.C. §§ 3553(a) and 3661 In Determining a Sentence That Is No Greater than Necessary to Achieve the Purposes of Sentencing.**

As this Court is aware, in United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court held that the mandatory guideline system created by the Sentencing Reform Act of 1984 (SRA) was unconstitutional. Therefore, the appropriate remedial measure was to declare the Guidelines merely advisory. *See* Booker, 125 S.Ct. at 757 (2005) (Breyer, J.). After Booker, federal sentencing is vastly different. Treating the Guidelines as advisory requires that the Court consider the guideline range calculation as merely one of many factors in determining a sentence *no greater than necessary to achieve the goals of sentencing* set forth in 18 U.S.C. § 3553(a)(2).

### A. The § 3553(a) Sentencing Mandate

Section 3553(a) is comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of Section 3553(a) and the "factors" to be considered in fulfilling that mandate. The overriding mandate of § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. United States v. Phelps, 366 F.Supp.2d 580, 587 (E.D. Tenn. 2005)

The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." The parsimony provision is not just another "factor" to be considered along with the others set forth in Section 3553(a). Instead, it sets an independent limit on the sentence a court may impose. See United States v. Denardi, 892 F.2d 269, 276-77 (3rd Cir. 1989) Since § 3553(a) requires a sentence to be no greater than necessary to meet the four purposes of sentencing, imposition of a sentence greater than necessary to meet those purposes is reversible, even if within guideline range. Id.

In determining the sentence minimally sufficient to comply with Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in Section 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Ferguson, 369 F.3d 847 (5th Cir. 2004). While district courts must in all cases "consider" the guideline range, United States v. Booker, 543 U.S. 220, 245-46 (2005), the guidelines do not subordinate the other factors in § 3553(a). Rather, it is the parsimony provision that serves as "the guidepost for sentencing decisions post-Booker." United States v. Ferguson, 456 F.3d 660, 667 (6th Cir. 2006).

The sentencing judge, after considering §§ 3553(a) and 3661 factors (including the Guidelines), has full discretion to sentence anywhere within the statutory range. If the Booker Court thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so. Booker, 125 S. Ct. at 791 (Scalia, J., dissenting). Likewise, if the remedial majority thought the Guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the Guideline range relative to the other factors would violate the Sixth Amendment. "A sentence may be unreasonable if it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence. Additionally, a sentence may be substantively unreasonable, regardless of the procedure used." United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). After a district court has accurately calculated the Guideline range, it may impose a more severe or more lenient sentence as long as the final sentence is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005); United States v. Winingear, 422 F.3d 1211, 1240 (11th Cir. 2005) ("the sentence must be reasonable in the context of the factors listed in 18 U.S.C. § 3553(a)")

  **B.**  **Mitigating Factors to Be Considered in Determining a Reasonable Sentence Under 18 U.S.C. § 3553(a)(2).**

As set forth above, after Booker, this Court is statutorily required to impose a sentence

that is minimally sufficient to accomplish the purposes of sentencing, and the guidelines are only one of five equally important factors to be considered in determining the minimally sufficient sentence.  In the instant case, a sentence at the statutory minimum is sufficient to satisfy the goals of (1) retribution, (2) deterrence, (3) incapacitation, and (4) rehabilitation. Imposition of sentence greater than necessary to meet those purposes is reversible, even if such a sentence falls within the Guideline range.

### 1. The Defendant's Age and Criminal History Reflect That He is Unlikely to Commit Future Crimes.

The Defendant stands before this Court humbled and embarrassed. The Defendant desperately wants to achieve total rehabilitation so that he never again becomes involved with these types of people and their criminal conduct.  His criminal history is quite extensive, having sustained the majority for theft offenses, drugs, and evading arrest and assault.

The Defendant's criminal history and desire to lead a clean life in sobriety are even more relevant when coupled with the Defendant's age, making it extremely unlikely that the Defendant will commit other crimes in the future. After Booker, many sentencing courts have considered a defendant's age as a factor for sentencing under § 3553(a), independent of the Guidelines. See; Simon v. United States, 361 F.Supp.2d 35, 48 (E.D.N.Y. 2005); United States v. Brown, 360 F.Supp.2d 238, 243 (D. Mass. 2005).

The courts' consideration of age is justified given the findings of the Sentencing Commission. According to the Commission, for defendants over 40, the risk of recidivism drops dramatically, lessening the need to protect the public from further crimes of the defendant under 3553(a)(2)(C); see also United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines at 12, available at

www.ussc.gov/publicat/Recidivism_General.pdf.. The Commission noted that, "[r]ecidivism rates decline relatively consistently as age increases," from 35.5% under age 21, to 9.5% over age 50. Id. Based on these factors, it is extremely unlikely that the Defendant will commit another crime. A sentence at or near the minimum will accomplish the goals of incapacitation and rehabilitation because the Defendant will be incarcerated during the period when individuals typically grow out of the criminal lifestyle. The Defendant respectfully asks that this Court take these factors into consideration under § 3553(a) in determining a sentence that is no greater than necessary.

2.   **The Defendant's Familial Responsibilities**.

The Defendant has two minor children and a third stepchild, for which he is not legally responsible, and continues to maintain a close weekly phone relationship with him. The Defendant submits that his children are good and loving children, and that a lengthy incarceration could have a devastating effect on them. Even when the Guidelines were mandatory, situations where extreme family responsibilities existed were permissible grounds for a downward departure. United States v. Canoy, 38 F.3d 893 (7th Cir. 1994) (family circumstance departure would be reasonable where defendant has three exemplary children, all straight-A students, and separation from family would cause irreparable damage to the children); United States v. Johnson, 964 F.2d 124 (2nd Cir. 1992) (family circumstances considered extraordinary where the defendant was a single mother who was solely responsible for the upbringing of her three young children, including an infant, and the young child of her institutionalized daughter); United States v. Pena, 930 F.2d 1486 (10th Cir. 1991) (downward departure upheld where defendant was a single parent of a two-month-old, supported another daughter and her infant, and whose illegal conduct was aberrational). According to U.S.S.G. § 5H1.6, the court must look

to such factors as whether there is a danger to the defendant's family members should a departure be granted and whether incarceration of a defendant will cause a "substantial, direct, and specific loss of essential caretaking" in deciding whether family responsibilities warrant a departure.

Clearly, removing the Defendant from his children's life will create a situation where a wanting and motivated father and provider will be denied the opportunity to have a positive impact. The Defendant's children will be thrust into circumstances that could lead to a downward spiral of conduct. A sentence as short as possible is justified to minimize these effects.

In the present case, the above factors provide mitigation for this court to consider in determining a sentence that achieves the goals of sentencing under § 3553(a). Accordingly, the Defendant requests that this factor be considered in issuing a sentence that is sufficient but not greater than necessary to achieve the ends of sentencing.

**III.    The Defendant Requests That this Court Recommend That He Is Imprisoned at a Facility That Is as Close as Possible to His Home, Family and Support System.**

The Defendant respectfully requests that this Court recommend, as part of the sentence imposed, that the Bureau of Prisons (BOP) designate him to serve his sentence at a prison as close as possible to his family and support system in Dallas, Texas. The Defendant recognizes that the BOP is not bound by this Court's recommendation concerning where she serves her sentence. However, this Court's recommendation is considered by the BOP in making a decision on where to designate the Defendant. Seagoville FCI is the choice at the moment.

The Defendant's children reside close to there. Further, the Defendant intends to reside in

the area upon his release from prison. It will be difficult for the Defendant's family members to travel long distances to visit. It makes sense that the Defendant serves his incarceration at a prison close to family and loved ones so that he may receive their continued support to aid in his rehabilitation, furthering the goals of imprisonment. Thus, designating the Defendant to a facility close to the Defendant's family helps achieve the goals of sentencing under 18 U.S.C. § 3553(a).

**IV.     The Defendant Requests consideration of the familial and friend support.**

The Defendant respectfully reports to this Court that he has received seven letters of recommendation from friends and family to show support for his position and desire to a better father and husband when released.

**V.      Conclusion**

The Defendant respectfully requests that this Court take into consideration the above factors and sentence the Defendant to the lowest term sufficient to achieve the goals of sentencing under § 3553(a)(2). The United States Probation Department is recommending 24 months of Probation and the United States Assistant Attorney is recommending 6 months custody. Alternatively, your Honor, we request a "time served" situation being granted in this specific case based upon the fact that Mr. Pelham "self-surrendered" on April 14, 2023, to the Frisco Police Department and a special agent of the FBI. He has been in continuous custody for one day shy of 5 months at the date of sentencing. Also, a restitution payment/order of $500.00 would be requested by Mr. Pelham.

"Time Served" of 5 months considers the sentencing factors set forth above. Mr. Pelham did not damage or steal property from the U.S Capitol nor did he assault, threaten, or promote

violence, as he wan inside the U.S Capitol for no more than 8 minutes. As the USPO notes, Mr. Pelham did not post any comments or pictures on social media and or promote violence. Mr. Pelham fully accepts his role in the conviction and accepts this Court's sentence.

                                                        Respectfully submitted,

                                                        _____/s/_____
                                                        Mac Morris
                                                        Attorney for the Defendant
                                                        7600 San Jacinto Place, Suite 200D
                                                        Plano, Texas 75024
                                                        mac@macmorrislaw.com
                                                        (214)597-8127

**CERTIFICATE OF SERVICE**

I hereby certify a true copy of the foregoing Sentencing Memorandum was served via CMECF on the Office of the Assistant United States Attorney, September 7, 2023.

                                                        _____/s/_____
                                                        Mac Morris
                                                       Attorney for the Defendant